UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JENNIFER BARTHLE,**

**Plaintiff,**

**v.**

**PUBLIX SUPER MARKETS INC.,**

**Defendant.**

**Case Number 8:26-cv-2664**

## Complaint & Jury Demand

1. The Plaintiff, Jennifer Barthle, sues Defendant, Publix Super Markets Inc., pursuant to the Family Medical Leave Act (FMLA), 29 U.S.C. § 2617(a), for interference and retaliation.

2. The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 2617(a)(2).

3. Venue is appropriate in the Tampa Division, because Defendant has its principal place of business in Lakeland, Florida.

4. Plaintiff worked for Defendant for more than one year.

5. Plaintiff worked as a *flow rack selector* from on or about February 2022 to the time of discharge.

6. Plaintiff began working for Defendant on or about April 2020.

7. Defendant discharged Plaintiff on or about September 26, 2024.

8. Defendant discharged Plaintiff because she took FMLA leave.

9. Defendant employed more than 50 employees within 75 miles of where Plaintiff worked for Defendant.

10. Plaintiff worked more than 1250 hours for Defendant the 12 months before she needed FMLA leave.

11. On or about September 9, 2024, Plaintiff's medical provider completed Form WH-380-E.

12. Plaintiff was entitled to FMLA leave.

13. Plaintiff's regular work schedule was a 10-hour shift four days a week.

14. Plaintiff's primary job duties included lifting, carrying, stacking product weighing more than 62 pounds, standing, bending, twisting, repetitive work for long periods under time requirements and operate equipment.

15. Plaintiff's doctor opined that Plaintiff had a serious medical condition that was chronic.

16. Plaintiff's doctor opined that Plaintiff's condition started on or about July 8, 2024.

17. Plaintiff's condition required multiple treatments.

18. Plaintiff's medical condition was low back pain with radiculopathy, midback pain and muscle spasms.

19. Plaintiff sought medical treatment for the condition on July 8, 2024, and September 4, 2024.

20. Plaintiff requested intermittent FMLA leave.

21. Plaintiff's doctor opined that Plaintiff would suffer incapacity 2 to 8 times per month.

22. Defendant had provided Plaintiff FMLA leave in the past.

23. Defendant did not want to provide Plaintiff intermittent FMLA leave.

24. Defendant had enough information to grant FMLA leave.

25. Yet, Defendant did not wish to permit FMLA to be on intermittent leave.

26. Defendant interfered and retaliated against Plaintiff for needing intermittent FMLA leave.

**Count I – FMLA Interference**

27. Plaintiff reincorporates paragraphs 1 through 26 as if stated herein fully.

28. Plaintiff was entitled to have her FMLA intermittent leave approved.

29. Defendant failed to clearly and promptly approve Plaintiff's FMLA leave.

30. Defendant did not permit to take FMLA intermittent leave as recommended by her medical provider.

31. Plaintiff needed on or about two weeks of FMLA leave on or about September 2024 for severe back pain.

32. Plaintiff had a right to be reinstated.

33. Plaintiff had a right to be permitted to continue work while on intermittent FMLA leave.

34. Defendant discharged Plaintiff on or about September 26, 2024.

35. Defendant interfered with Plaintiff's FMLA right of reinstatement.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, front pay, attorneys' fees, costs, interest and any other relief the Court deems appropriate and just.

**Count II – FMLA Retaliation**

36. Plaintiff reincorporates paragraphs 1 through 26 as if stated herein fully.

37. Plaintiff took FMLA leave.

38. Defendant was unhappy with Plaintiff taking intermittent FMLA leave.

39. Defendant did not want to continue employing Plaintiff because she took FMLA leave.

40. Defendant retaliated against Plaintiff for taking FMLA leave.

41. Defendant took into consideration the fact that Plaintiff had taken FMLA leave in deciding to discharge her employment.

42. A management employee of Defendant, Guy Smith, would suspiciously inquire from Plaintiff about the reason for her reasons taking FMLA intermittent leave.

43. One or more of Defendant's employees caused Plaintiff to lose her job in whole or in part because she needed and took FMLA intermittent leave.

44. Defendant did not have a legitimate non-discriminatory reason for discharging Plaintiff.

45. Defendant retaliated against Plaintiff for taking FMLA leave.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, front pay, attorneys' fees, costs, interest and any other relief the Court deems appropriate and just.

Respectfully submitted this 12th day of September 2026.

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Mazaheri & Mazaheri
701 Brickell Ave Ste 1550
Miami, Florida 33131
Tel – (213) 347-1000
Email – bernie@thelaborfirm.com

*Counsel for Plaintiff*